O
JS-6

# United States District Court
# Central District of California

MARGARET RICE,

        Plaintiff,

   v.

CRST INTERNATIONAL ENTERPRISE;
CRST VAN EXPEDITED, INC.;
ROBERT GROSS; DOES 1–60, inclusive,

        Defendants.

Case No. 5:14-cv-00148-ODW(JCx)

**ORDER GRANTING MOTION TO REMAND [14]**

## I.   INTRODUCTION

Plaintiff Margaret Rice filed suit against Defendants CRST International Enterprise and CRST Van Expedited, Inc. (collectively, "CRST")—her former employer—as well as Defendant Robert Gross, her former supervisor, for state and federal sexual-harassment and retaliation claims. Defendants subsequently removed the action to this Court. But Rice then amended her Complaint to omit any federal claims and moved to remand the case back to state court. Since Rice and Gross are both California citizens, the Court has neither federal-question nor diversity jurisdiction over this case. The Court therefore **GRANTS** Rice's Motion to Remand.[1]

---

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

In February 2007, Rice, a California resident, began working for CRST as a truck driver. (FAC ¶¶ 1, 19.) Rice worked under the supervision of Gross—also a California resident. (*Id.* ¶ 20.) On February 23 and 24, 2007, Gross allegedly made several sexually motivated comments and gestures toward Rice. (*Id.* ¶ 21–22.)

On February 25, 2007, Rice alleges that Gross drugged her after they stopped to get gas. (*Id.* ¶ 23.) Rice awoke three days later, discovering that she had been raped and sodomized. (*Id.* ¶ 23–25.)

Rice reported the incident to CRST's Human Resources Department. (*Id.* ¶ 28.) But on April 1, 2007, CRST terminated Rice's employment, stating that she was "too much trouble." (*Id.* ¶ 31.)

On September 27, 2007, the Equal Employment Opportunity Commission ("EEOC") filed suit against CRST in the United States District Court for the District of Iowa on behalf of 267 "aggrieved individuals." (Opp'n 3.) Rice was one such individual. (*Id.*)

On August 13, 2009, the District Judge dismissed the EEOC's lawsuit for failure to investigate or attempt conciliation and entered judgment in CRST's favor. (*Id.*) The Court of Appeals for the Eighth Circuit subsequently affirmed the dismissal with respected to, among others, Rice's claims. (*Id.* at 4.)

On December 24, 2013, Rice filed suit against CRST and Gross in San Bernardino County Superior Court. (Not. of Removal Ex. A.) Rice alleged sexual-harassment and retaliation claims under California's Fair Employment and Housing Act ("FEHA") and Title VII.

Defendants subsequently removed the action to this Court, invoking only federal-question jurisdiction. (ECF No. 1.) But Rice then amended her complaint to drop her Title VII claims, thereby leaving only her state-law FEHA claims. (ECF No. 10.)

/ / /

On February 21, 2014, Rice moved to remand this action to state court. (ECF No. 14.) Defendants timely opposed. That Motion is now before the Court for decision.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a suit filed in state court only if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566). A party may bring a remand motion whenever it appears a matter is not properly before a federal court. 28 U.S.C. § 1447(c).

### IV. DISCUSSION

Rice moves to remand her action to state court because she has amended her Complaint to omit any federal claims. With only state-law claims remaining, she asks the Court to decline to exercise supplemental jurisdiction over them. Defendants oppose the Motion, arguing that interests of judicial economy and comity dictate that the Court should dismiss Rice's action under res judicata rather than send this case back to state court. The Court finds that remand is more appropriate under the circumstances presented in this case.

When a case presents a federal question, district courts have discretion to exercise supplemental jurisdiction over state-law claims that arise out of the same common nucleus of operative fact as the federal ones. 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

While a plaintiff is the master of her complaint, "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). This is because a court determines jurisdiction at the time of removal without regard to later amendment. *Id.* After a plaintiff dismisses federal claims, the district court retains jurisdiction over the remaining state-law claims unless it affirmatively declines to exercise jurisdiction. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009).

A court may decline to exercise supplemental jurisdiction if, among others, "the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). Ordinarily, if a plaintiff dismisses federal claims early in the litigation, a district court should remand the pendent state-law claims. *Id.* at 350. In deciding whether to continue exercising supplemental jurisdiction, the district court should weigh several factors, including "judicial economy, convenience, fairness, and comity." *Id.* The court should also take into account whether the plaintiff has dismissed her federal claims in an attempt to manipulate the forum. *Id.* at 357.

Rice argues that that Court should decline to exercise supplemental jurisdiction over her pendent FEHA claims because her federal claims were effectively "dismissed" for the purpose of § 1367(c)(3) when she amended her Complaint. Since Gross is a California resident, he is likely a California citizen, thereby destroying diversity. Rice thus asks the Court to remand her action back to state court.

But Defendants incorporate the substance of their now-moot motion to dismiss they previously filed based on res judicata. They contend that the Court should consider the interest of judicial economy and find that the previous dismissal of the EEOC case in the District of Iowa precludes Rice's action.

The Court finds that the most appropriate course of action is to remand this case back to state court. This Court is a court of limited jurisdiction and therefore must

ensure that it acts only within its restricted purview. While this Court has discretion to continue to exercise supplemental jurisdiction over Rice's pendent state-law claims, there is little reason to do so. There would be no waste of judicial resources by sending this case back to state court, as the Court has yet to touch upon the merits of Rice's action. While CRST filed a now-moot motion to dismiss, the Court never had a chance to rule on it. The state court would therefore not have to duplicate any of this Court's work.

As CRST points out, it certainly might bring about a faster resolution for the Court to address the merits of Defendants' res judicata argument. But the Court would need to affirmatively exercise its discretion to retain Rice's wholly state-law claims to assess that issue. Comity principles dictate that the Court should defer to California state courts when possible; this is such a case.

Neither does the Court find that Rice engaged in any manipulative tactics that would counsel against declining to exercise supplemental jurisdiction. As the plaintiff, Rice is the master of her complaint and may bring whichever claims against Defendants she desires consistent with Rule 11(b). She originally filed her action in state court, so she has not engaged in forum shopping by eliminating her federal claims simply to go back to where she started. It was Defendants—not Rice—that sent this case for a federal judicial detour. Rice has therefore not engaged in any manipulation by simply choosing to right her state-court course.

Considering the particular circumstances of this case, the Court declines to exercise supplemental jurisdiction over Rice's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). Since Rice and Gross appear to be both California citizens—something Defendants do not dispute—the Court finds that it also lacks diversity jurisdiction. *See* § 1332(a)(1).

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Rice's Motion to Remand and **REMANDS** this action to San Bernardino County Superior Court, case number CIVDS1315421. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

March 13, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

cc: order, docket, remand letter to
San Bernardino County Superior Court, No. CIVDS1315421